## PROVIDENCE SAVINGS BANK *v.* HUNTINGTON and others.[*]

### SAME *v.* SAME.[*]

*(Circuit Court, E. D. Missouri.*   March 9, 1882.)

1. STATUTE OF FRAUDS—VOLUNTARY CONVEYANCES.

A voluntary conveyance is valid as to existing creditors if it leaves sufficient unencumbered property in the debtor's hands to satisfy such creditor's claims. *Smith* v. *Kerr*, 2 Dill. 50, 20 Wall. 31.

In Equity.

The above-entitled causes, being of a like nature, were consolidated for the purposes of trial.

The bills allege, in substance, that Robert Baker, one of the defendants, made a voluntary conveyance of several pieces of real property, of which he was seized in fee, to his daughter Cornelia, wife of E. A. Huntington, on the twenty-second day of May, 1872; that at the time of said conveyance said Baker was indebted in large amounts to the plaintiff and others, and was "in an embarrassed condition and unable to discharge his obligations," and shortly after the date of said conveyance became insolvent, and so remained, and was insolvent on the twenty-ninth day of January, 1878; that on said twenty-

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

ninth day of January the plaintiff recovered a judgment against said Baker in the circuit court of the city of St. Louis, on an indebtedness which existed at the date of said conveyance; and that plaintiff has been unable to collect said judgment, and that it remains unsatisfied.

The prayer of the bills is that said conveyance be deemed fraudulent and void.

The bills do not allege that the conveyance in question was fraudulent, or that it was made with intent to hinder or defraud creditors.

The answer admits that the conveyance was voluntary, and was made as an advancement in consideration of love and affection, but denies that the debt on which the complainant's judgment was rendered existed against said Baker, or that Baker was embarrassed or unable to meet this obligation at the time said conveyance was executed.

The plaintiff filed general replications.

At the trial it was proved that the land conveyed by Baker to his daughter was only worth about $25,000, and that at the time he executed the conveyance he was worth, in unencumbered real estate, situated in the city and county of St. Louis, $300,000; that his unsecured indebtedness amounted to less than $15,000, and his secured indebtedness to about $95,000; and that the latter was secured in real estate worth about $160,000.

The defendants also introduced evidence tending to prove that the debt upon which the plaintiff's judgment was founded did not exist at the time said conveyance was made; but the case was decided without reference to it.

*Hayden & Glover*, for plaintiff.

*Garland & Pollard*, for defendants.

TREAT, D. J. The rule by which cases of this kind are to be determined, have, in the light of modern jurisprudence, become too well settled to be overthrown. The views of this court were fully expressed and affirmed by the United States supreme court in a Missouri case. There is nothing in the facts presented to take the case out of those rulings.

Bills dismissed, with costs.